USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/22/2022

**MEMORANDUM ENDORSEMENT**

<u>Charber Consultants, LLC v. G.O.A.T. Products LLC et al.</u>,
7:22-cv-06045-NSR

      The Court is in receipt of Plaintiff Charber Consultants, LLC's ("Plaintiff") Motion to Strike, filed on August 15, 2022. (ECF No. 16.) Plaintiff requests that the Court strike statements made by Defendants in their Motion for Extension of Time (ECF No. 12), which Plaintiff characterizes as outrageous and slanderous accusations towards Plaintiff's counsel. Plaintiff also requests that the Court issue an order directing the Defendants to refrain from making slanderous accusations. Plaintiff does not oppose Defendants' request for a time extension, which the Court granted on August 15, 2022. (*See* ECF No. 13.)

      The Court will not opine on the nature of the statements made by Defendants regarding Plaintiff's counsel. The Court also notes that Plaintiff's counsel has brought a defamation and malicious prosecution lawsuit related to the accusations made, which is currently pending before the New York Supreme Court.[1]

      Plaintiff's Motion to Strike is therefore DENIED. The Clerk of the Court is kindly directed to mail a copy of this Order to *pro se* Defendant, and to show service on the docket. The Clerk of the Court is also kindly directed to terminate the motion at ECF No. 16.

Dated: August 22, 2022
         White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

---

[1]    *Schnur v. Balestriere*, C.A. No. 160095/2018 (Sup. Ct., N.Y. Cnty. filed Oct. 31, 2018)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARBER CONSULTANTS, LLC,<br><br>*Plaintiff,*<br><br>-*against*-<br><br>G.O.A.T PRODUCTS LLC and MICHELLE WINOWICH,<br><br>*Defendant.* | Case No. 22-cv-06045-NSR<br><br>ECF Case<br><br>**NOTICE OF MOTION** |

**PLEASE TAKE NOTICE** that, upon the attached Declaration of Yifat V. Schnur, Plaintiff Charber Consultants, LLC, by its attorney, Yifat V. Schnur, will move this Court, before the Honorable Nelson S. Roman, at the United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150, Courtroom 218, at a date and time to be set by the Court, for an order pursuant to Fed. R. Civ. P. 12(f) striking Docket Entry No. 12 from the docket in the above-referenced action or otherwise striking the irrelevant and scandalous allegations from that docket entry.

Dated: New York, New York
August 15, 2022

YIFAT V. SCHNUR ESQ., LLC

By:   /s/
Yifat V. Schnur
22 Prescott Street
Edison, NJ 08817
Telephone: (347) 268-5347
**Email:  yifat@yvslaw.com**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARBER CONSULTANTS, LLC,<br><br>                                         *Plaintiff,*<br><br>-against-<br><br>G.O.A.T PRODUCTS LLC and MICHELLE WINOWICH,<br><br>                                         *Defendant.* | **Case No. 22-cv-06045-NSR**<br><br>ECF Case<br><br>**DECLARATION OF YIFAT V. SCHNUR IN OPPOSITION TO DEFENDANTS' REQUEST FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND IN SUPPORT OF MOTION TO STRIKE** |

Pursuant to 28 U.S.C. § 1746, **YIFAT V. SCHNUR** declares, under the penalty of perjury, the following to be true:

1. I am counsel to Plaintiff Charber Consultants, LLC in the above-referenced matter. I write in response to Defendants' *pro se* request for an extension of time by 60 days to respond to the Complaint in this action and in support of Plaintiff's motion to strike certain irrelevant, scandalous statements from Defendants' motion (ECF No. 12). The following is based on my personal knowledge.

2. While Plaintiff does not believe that this relatively simple case requires a 60-day extension of Defendants' time to respond to the Complaint[1], Plaintiff largely does not oppose Defendants' request. However, I am compelled to respond to Defendants' request due to Defendant Michelle Winowich's outrageous submission to the Court, which not only included misrepresentations to the Court about her request for an extension, but also included outrageous false and slanderous statements about me **wholly unrelated to my representation of my client in this matter**.

---

[1] Indeed, while I was in the process of preparing this Cross-Motion, the Court granted Defendants' request, giving them 75 days to respond to the Complaint.

3. First, Defendants' motion for an extension neglects to inform the Court of the fact that Plaintiff **immediately granted an extension** of three-weeks to Defendants **on the very same date on which Defendants first reached out to me to ask for an extension via text message on August 10, 202**2, two days before the Defendants' response was due. A true and correct copy of my e-mail to Ms. Winowich is attached hereto as Exhibit 1.

4. That being said, should the Court decide to grant Ms. Winowich's request for sixty days, or any other amount of time between the 21 days my client already offered and the sixty days Ms. Winowich requests, Plaintiff does not oppose such an extension.

5. However, I respectfully request that the Court, pursuant to Fed. R. Civ. P. 12(f) order that Defendants' request for an extension of time (ECF No. 12) be stricken from the record, and that the Court issue an order informing Ms. Winowich she must refrain from making slanderous accusations against me which are completely fictitious and unrelated to my representation of my client in this matter.

6. Specifically, Ms. Winowich, in her request, makes reference to a prior New York Post article about me, based upon my improper and slanderous inclusion as a defendant in a prior lawsuit wholly unrelated to this action. Ms. Winowich's false statement about me has absolutely nothing to do with my representation of my client in this matter. Moreover, in the case that Ms. Winowich refers to, **I was immediately dismissed from the lawsuit and Judge Brian Cogan sanctions plaintiffs' counsel for having brought frivolous claims against me.** (ECF Nos. 105, 189, *Lawson v. Rubin*, Case No. 17-cv-6404 (BMC). Nevertheless, the false charges asserted against me, which were repeated not only in the New York Post article that Ms. Winowich referenced but also in numerous other publications that spread worldwide, which have utterly destroyed my personal and professional reputation. I have brought claims for defamation,

malicious prosecution and other cause of action against the plaintiffs and their counsel in that action in the New York Supreme Court, New York County (*Schnur v. Balestriere*, Index No. 160095/2018 (Sup. Ct. N.Y. Co.)), and my claims for defamation and malicious prosecution survived a pre-answer motion to dismiss and remain pending.  Indeed, it is conduct like Ms. Winowich's—opposing counsel and even parties believing that can get an advantage on me and my clients by referencing these prior false allegations against me—which have been one of the primary sources of the vast reputational harm that these false allegations have caused me and for which I seek compensation in my state court action.

7. Pursuant to Fed. R. Civ. P. 12(f), Ms. Winowich's false statements about me in her simple request for an extension from my client in this wholly unrelated action is without question "immaterial, impertinent . . .and scandalous" to this action, and as such the Court may move to strike this material from the docket "on its own" or by motion.  Indeed, such material would be subject to being stricken **were it about my client**, let alone about his lawyer.

8. It is frankly embarrassing that, in representing a completely unrelated client in an unrelated manner, Ms. Winowich has decided to file with the Court a document referencing these false allegations against me in what should have been a simple administrative request for an extension.  Clearly, Ms. Winowich believes that she can bully me into failing to properly represent my client by ginning up old, false allegations that have absolutely nothing to do with the wrong that Defendants committed against my client in this action.  Significantly, after my client agreed to an extension and Ms. Winowich was aware of this fact, in a text message to me on August 10, Ms. Winowich e-mailed me referencing the false allegations against me and stating that "I'm assuming what they say about you is just media BS but I'm truly trapped in a corner by myself," thus acknowledging that she was planning to use what she knew were false

3

allegations against me in order to attempt to bully me into giving her what she wanted. Attached hereto as Exhibit 2 are true and correct copies of the text messages Ms. Winowich sent to me on August 10th.

9. Indeed, prior to filing her request with the Court, Ms. Winowich sent text-messages to my client, raising these same false claims against me and trying to convince my client to drop me as his lawyer.

10. Accordingly, whatever the Court decides to do about Ms. Winowich's request for an extension, I respectfully request that the Court strike Ms. Winowich's scandalous and prejudicial statements about me from her request for an extension, by removing that document from the docket entirely and being re-filed without the irrelevant and false allegations. I further respectfully request that the Court inform Ms. Winowich that she must refrain from filing any such false and irrelevant allegations against me in any future filings or that she will face the threat of sanctions. Every minute these false statements remain on the publicly available document hurt my reputation even more.

August 15, 2022
Dated: New York, New York

By:     /s/
        Yifat V. Schnur

# Exhibit 1



**Yifat Schnur <yifat@yvlslaw.com>**

---

## Charber v. Winowich and GOAT 1:22-cv-06045-NRB
1 message

**Yifat Schnur** <yifat@yvlslaw.com>                                                                 Wed, Aug 10, 2022 at 8:07 PM
To: Michelle.winowich@gmail.com
Bcc: Charles Berger <charlesberger1@yahoo.com>

Dear Ms. Winowich,

I am in receipt of your text message today (Aug. 10, 2022) in which you request an extension of sixty (60) days to respond to my clients complaint in the Federal Action captioned in the subject of this email.

As you know, a response is due in two days on Aug. 12, 2022.

At this time my client has graciously agreed to consent to an extension of three weeks for you to respond.

That would bring your time to respond to Wednesday August 31, 2022.

Given the fact you have been aware of this matter for quite some time (almost six months) three weeks is a fair and reasonable time.

Please note it is my understanding based on your attempts to connect with my client on Friday August 5, 2022 that you are no longer represented by counsel. If this changes please advise me so that I can direct all communication regarding this matter through them. I cannot correspond with you directly if and when you are represented by council.

Finally, I am not sure why you have now twice mentioned the New York Post being interested in talking to you about me - but if you would send me an email detailing what you're trying to share, I will respond if it is appropriate to do so.

Yifat


--

*Admitted to practice in New Jersey and New York. And before the United States District Courts for the Southern and Eastern Districts of New York, and the United States District Court of New Jersey.



**YIFAT V. SCHNUR**

YVLS ESQ. LLC
22 Prescott Street, Edison, NJ 08817
26 Broadway, 19th Flr., NY, NY 10004
T: 347.268.5347
E: Yifat@yvlslaw.com

# Exhibit 2

**MC**

**Michelle - Pet Co** ›

Wednesday 1:06 PM

Do you have a minute to discuss granting me a 60 day extension to reply to the lawsuit you served me? I have zero funds for a lawyer and would appreciate time. I've also been contacted by the NY Post regards to suit and don't know what to say to them.

Please let me know

I called the court office and they gave me the paperwork to file but said I should also list if you have agreed or not for the extension

Wednesday 7:48 PM

I will assume no response means I need to out on the summons for more time that you denied my request. Also no response from you means I will figure out on my own how to respond to the NY Post about their inquiry reg you.
I tried.

What is your email Addresss please ?







**Michelle - Pet Co**

> What is your email Addresss please ?

I literally was just texting u

Michelle.winowich@gmail.com

> Check your email

Okay

I don't have anything yet but will keep checking

> Sending again give me a minute please

Still nothing and I dont want to miss it. I have to pick my kids up from sports camp so PLEASE text me when you send.

> I sent it again - you should see it momentarily

Delivered

I will check after I get back home. I'm waiting in the car for the bus to great three of my kids from camp

  iMessage 

      


Delivered

I will check after I get back home. I'm waiting in the car for the bus to great three of my kids from camp and wish I wasn't an emotional mess.
Hoping he/you realizes he clearly messaged me to cancel the night of the 6th because obviously knew more then me about the market dropping and i did everything i said and did my best. And how wrong he is about my SharkTank thing. I have neg balances and SharkTank is only tv with zero partnership or money. I had to sign that I would never say publicly that Robert's not really my partner. Charles has said many things about Robert (shark tank) and I'm concerned he thinks there's actual money involved. I hope you personally understand I never took a penny and personally lost all my four of kids tuitions trying to include the one pallet I personally owned (which would of been my profit for 6 months of work) to make the sale as big as it could be for his cancellation.
The lawyer I had was a favor but I refuse to leverage his kindness any longer and left to figure out this

iMessage

cancellation.
The lawyer I had was a favor but I refuse to leverage his kindness any longer and left to figure out this nightmare on my own.
NY Post editor in chief (I think that's what it's called) called me inquiring about you filling a case and asking for five minutes of my time. I have deflected those calls cuz I'm assuming what they say about you is just media BS but I'm truly trapped in a corner by myself with the terrible wrong things your saying in those papers.
I wish you were an actual human that understood how wrong this all is. 😔

I took a new job last week after months of trying (i will never try a biz on my own after this bulky stuff I've already lost everything) so my days are busy trying to stay above water and hard to multitask with this nightmare of complete wrongness.

Not expecting a response from you but wanted u to know I'm an actual human that has never experienced anything like this and completely lost.

iMessage