UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARBER CONSULTANTS, LLC,

                    Plaintiff,

-against-

G.O.A.T.S. PRODUCTS, LLC, and

MICHELLE WINOWICH,

                    Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   4/6/2023
```

7:22-CV-6045 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff commenced this action in or about July 15, 2022, asserting claims sounding in, *inter alia,* breach of contract and fraudulent inducement as against Defendants G.O.A.T.S. Products, LLC, and Michelle Winowich. (ECF No. 1.) In its complaint, Plaintiff asserts that, pursuant to 28 U.S.C. § 1332, the Court has jurisdiction over the asserted claims by virtue of diversity jurisdiction. On or about October 25, 2022, the Court received a document which purports to be an Answer to the Complaint which was filed by *pro se* Defendant Michelle Winowich. (ECF No. 22.) Ms. Winowich also appears to file the Answer on behalf of the corporate entity she owns, Defendant G.O.A.T. Products LLC. As previously stated in the Court's Memorandum Endorsements, dated August 15, 2022 (ECF No. 13) and October 27, 2022 (ECF No. 23), the law in the Second Circuit requires corporate entities to appear through counsel. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("a limited liability company [] may appear in federal court only through a licensed attorney").

    On February 28, 2023, Plaintiff moved for a default judgment against Defendant G.O.A.T Products LLC, due to its failure to appear and file an answer in response to the complaint in the action. (ECF Nos. 25 & 26.) Notably, on March 14, 2023, Plaintiff filed with the Clerk of the Court a Proposed Certificate of Default regarding Defendant G.O.A.T Products LLC's failure to answer. (ECF No. 27.) On the next day, March 15, 2023, the Clerk of the Court posted a notice on ECF indicating that Plaintiff's

Proposed Certificate of Default was deemed deficient due to its failure to comply with ECF Rule 16.1.[1] (*See* Clerk's ECF entry, dated March 15, 2023).

In accordance with U.S. District Court, S.D.N.Y., ECF Filing Rules, Section 16.1 ("Section 16.1"), prior to filing a motion seeking a default judgment, the movant must obtain a Clerk's Certificate of Default. Here, Plaintiff has failed to comply with Section 16.1. Accordingly, Plaintiff's motion is DENIED without prejudice to renew. However, should Plaintiff seek to renew, Plaintiff must do so by way of Order to Show Cause, as under Court's rules, parties wishing to file for default judgment must do so through an Order to Show Cause for Non-Emergency Relief. *See* Individual Rule 3.J.[2] Plaintiff is directed to review ECF Filing Rules, Section 16.3, if it seeks to file an Order to Show Cause for Non-Emergency Relief.

## CONCLUSION

Plaintiff's motion for a Default Judgment as against G.O.A.T Products LLC's is DENIED. If Plaintiff seeks default judgment, Plaintiff is granted leave to do so by Order to Show Cause for Non-Emergency Relief.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 25. The Clerk of the Court is also kindly directed to mail a copy of this order to Defendant Michelle Winowich at the address on the docket and show service on the docket.

SO ORDERED.

Dated: April 6, 2023
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

---

[1] ECF Rules 20221101 FINAL.pdf (uscourts.gov).

[2] nsrIndividualRulesOfPracticeInCivilCases.pdf (uscourts.gov).